## Griffith's Estate

84

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ., and Marx, P. J., twenty-sixth judicial district.

*Julian E. Goldberg* and *Joseph Ominsky*, for exceptants.

*George M. Henry*, contra.

SINKLER, J., September 3, 1937.—The adjudication contains recitals of the provisions of the will to be construed. No exceptions have been filed to the finding that the word "children" does not include "grandchildren" in determining who is entitled to the one third of the corpus given in trust under item sixth of the will. Exceptions have been filed to the award by the auditing judge of one third of the corpus "given in trust to [sic] Anna M. Miller . . . among the persons entitled under the intestate laws". The award is incorrect and the exceptions thereto are sustained.

The items of the will to be construed are as follows:

"Fourth: One third part of all the rest, residue and remainder of my estate I give, devise and bequeath unto my Executors hereinafter named IN TRUST to keep the same invested and to pay over the net income derived therefrom, in equal shares, unto the children of my deceased brother, Samuel T. Griffith, and the child or children of any who may then be deceased, the child or children of any deceased child of the said Samuel T. Griffith, to take between them the share that his, her or their parent would have taken if living.

"Upon the death of any person entitled to share in the income of this portion of my estate, I give, devise and bequeath his or her proportionate share of the principal unto all and every the child or children he or she may leave surviving in fee simple.

"In the event of the death of any person entitled to share in the income of my estate, without leaving a child or children surviving, then and in such case I direct that his or her proportionate part of the principal shall be re-

tained by my Executors and held IN TRUST by them under the terms and conditions of this Fourth Paragraph of my will."

"Sixth: And the remaining third part of all the rest, residue and remainder of my estate, I give, devise and bequeath unto my said Executors IN TRUST to keep the same invested and to pay over the net income derived therefrom unto Anna M. Miller (daughter of my deceased sister, Sarah Robbins) for and during all the term of her natural life. And upon the death of the said Anna M. Miller, I give, devise and bequeath said one third part of the rest, residue and remainder of my estate unto all and every the child or children she shall leave surviving, absolutely."

Anna M. Miller having died without children her surviving, the auditing judge held that her surviving grandchildren are not entitled to take. The precise question for decision is whether the third paragraph of item fourth governs the distribution of the corpus of the trust created by item sixth.

It is argued that the third paragraph is included in item fourth of the will because it is intended thereby to provide for the death without children only of any person who would be entitled under item fourth of the will to share in the income. It may be equally well argued that the paragraph in question is included in item fourth because it was intended to benefit those who were designated as beneficiaries of the trust created by the said item fourth in the event of the death of any person entitled to share in the income of his entire residuary estate.

Ordinarily, words should be construed in their usual sense, nor is an omission to be construed as inadvertent unless in either case from the context of the whole will a forced interpretation must be used. In the second paragraph of item fourth the words used are, "any person entitled to share in the income of this portion of my estate." In the third paragraph of item fourth, the words used are, "the death of any person entitled to share in the in-

come of my estate." The omission of the words "of this portion" in the third paragraph is not construed as inadvertent, nor does the mere fact, as is argued in behalf of accountant, that the paragraph to be construed appears in item fourth of the will and not in some general clause take away from the words their plain meaning. A well known and frequently applied canon of construction is that the court may ascertain the intent of a testator only in construing the words that he has used. Applying this canon, the plain meaning of the words is unmistakable. Precisely what testator means is this, that upon the death of any person without surviving children who may have been entitled to share in the income from his estate distribution shall be made to the persons designated by item fourth of the will.

The other exceptions to the adjudication are to be withdrawn or, if not withdrawn, are to be disposed of hereafter.

Exceptions one, two, and three are sustained and the adjudication is amended accordingly. The schedule of distribution ordered by the adjudication shall provide for distribution in accordance with the conclusions hereinabove set forth.